FILED
July 21, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002794697

WENDY DEZZANI (115870)
Attorney at Law
263 Main Street, Level 2
Placerville, CA 95667
Telephone: (530) 295-6406
Fax No.: (530) 295-6408
Email: wdezzani@aol.com

Attorney for Trustee,
Gary R. Farrar

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

Sacramento Division

-oOo-

| | |
|---|---|
| In re | BK NO. 09-24331-D-7 |
| | DC No.: WSD-2 |
| Tony M. Charondo and<br>Gloria Charondo, | Date: August 18, 2010<br>Time: 10:00 a.m.<br>Ctrm: 34, 6th Floor, Dept: D |
| Debtors.<br>_____ / | Hon. Robert S. Bardwil<br>501 "I" Street, Sacramento |

**TRUSTEE'S VERIFIED MOTION FOR
AUTHORIZATION TO SELL ESTATE'S INTEREST IN EQUIPMENT,
SUBJECT TO LIENS, CLAIMS AND INTERESTS**

[DC No. WSD-2]

A. Introduction

Gary R. Farrar (the "Trustee"), Trustee of the Tony M. Charondo and Gloria Charondo Chapter 7 estate, hereby moves the Court for authorization to sell to the debtors in this case, Tony M. Charondo and Gloria Charondo (the "Charondos" or the "Debtors"), the Chapter 7 Estate's interest in certain equipment for cutting and polishing marble and granite for the sum of $7,500.00 (effective selling price). The equipment is listed on the Debtor's amended Schedule B dated March 8, 2010 and is in possession of the Debtors. The Trustee is proposing

wsd\Farrar\Charondo\WSD-2 Sale.Equipment.Mot

---

TRUSTEE'S MOTION FOR AUTHORIZATION TO SELL
ESTATE'S INTEREST IN EQUIPMENT                               1

to sell the Estate's interest in this equipment, **if any, and whatever that interest may be, "AS IS," without warranties, and subject to any and all liens, claims and interests** (the "Equipment"). A true and correct copy of the proposed sale agreement is attached as Exhibit "1" (the "Agreement").

The Agreement provides for the Debtors to pay the sum of $10,000.00 to the Charondo Chapter 7 estate (the "Estate") in installments, subject to a conditional $2,500.00 discount of the purchase price to $7,500.00 as an incentive for timely payment (the "Purchase Price"). There was a delay in signing the Agreement. The Debtors have timely made the installment payments and qualify for reduction of the purchase price to $7,500.00.

The Trustee requests that he be authorized, as the representative of the Charondo Chapter 7 estate, to execute any documents reasonably necessary to effectuate the Agreement, including, but not limited to, a bill of sale for the estate's interest in the Equipment. The Trustee brings this motion pursuant to 11 U.S.C. section 363(b)(1), and Federal Rule of Bankruptcy Procedure 2002(a)(2).

### B. Background

The Charondos filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 13, 2009 (the "Petition Date"), commencing Case No. 09-24331-D-7. Upon the motion of the United States Trustee, the Bankruptcy Court converted the Debtors' Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code on January 25, 2010. Gary R. Farrar was appointed as the trustee of the Charondo Chapter 7 estate (the "Estate") on January 26, 2010.

The Debtors originally listed equipment for cutting and polishing marble and granite with a value of $80,000 on their Schedule B of Personal Property. Following conversion of the case to Chapter 7, the Debtors listed equipment for cutting and polishing marble and granite in their amended Schedule B dated March 8, 2010 with a value of $15,000. The Charondos have represented and warranted to the Trustee in the Agreement that they have in their possession a single item of equipment for cutting and polishing marble and granite, which is the Equipment

wsd\Farrar\Charondo\WSD-2 Sale.Equipment.Mot

to be purchased pursuant to the Agreement. The Trustee is informed and believes that the true value of the Equipment is about $7,500 to $10,000. The Trustee further believes that the value of the Equipment is limited, due to potential known and unknown liens and/or ownership claims that may be asserted against or to the Equipment, which are further discussed below.

The Debtors did not claim an exemption for the Equipment at the time of filing their Chapter 11 petition. While the Trustee would object to any change in the Debtors' exemption claims at this stage of the case, it might be possible for the Debtors to amend their exemption claims in order to claim an exemption for the Equipment in some amount.

The Debtors did not list any creditors with claims secured by the Equipment on their Schedule D. The Equipment may be subject to a claim of ownership by one or more corporations related to the Debtors, including, but not limited to, T.C. Classic Granite and Marble, Inc. The Equipment also may be subject to security interests alleged by creditors of the Debtors and one or more corporations related to the Debtors, including, but not limited to, T.C. Classic Granite and Marble, Inc. Various lenders have filed UCC-1 financing statements naming one or more of the Debtors, and/or T.C. Classic Granite and Marble, Inc., as the debtor(s). Some of the financing statements include "equipment" in the description of the collateral.

The Trustee seeks to liquidate the Estate's interest in the Equipment "As Is", whatever that interest may be, if any. The Trustee believes this can be accomplished most cost-effectively by means of a sale of the Equipment to the Charondos, subject to any and all claims of ownership, security interests, liens and other interests, and "As Is" and without warranties.

### C. Terms of Proposed Sale of Estate's Interest in the Equipment, Subject to Liens and Interests

The primary terms of the Agreement are as follows:

1. The Agreement is conditional upon entry of an order approving the Agreement by the United States Bankruptcy Court in Case No. 09-24331-D-7 ("Bankruptcy Court Approval").

wsd\Farrar\Charondo\WSD-2 Sale.Equipment.Mot

---

TRUSTEE'S MOTION FOR AUTHORIZATION TO SELL
ESTATE'S INTEREST IN EQUIPMENT        3

2. The Charondos agreed to pay to the Estate the sum of $10,000.00 in good funds (subject to a possible $2,500.00 discount of the purchase price to $7,500.00) (the "Purchase Price") in exchange for the purchase of the Estate's interest in the Equipment, whatever it may be, on the terms and conditions set forth below.

3. The Purchase Price was to be paid as follows:

 a. The Charondos paid an initial purchase deposit of $1,500.00 to the Trustee prior to executing the Agreement. The $1,500.00 deposit shall become nonrefundable upon Bankruptcy Court Approval of this Agreement.

 b. The Charondos were to pay the remainder of the Purchase Price in monthly installments of $2,000.00, beginning May 20, 2010, and continuing on or before the 20th of each month thereafter, until paid.

 c. If the Trustee received payments totaling $7,500.00 from the Charondos by no later than July 20, 2010, or such later date as the Trustee agreed, the purchase price would be discounted by $2,500.00 to $7,500.00, and the total sum of $7,500.00 would be accepted in full satisfaction of the Purchase Price. The Charondos have timely made the specified monthly installment payments and qualify for reduction of the purchase price to $7,500.00.

 d. The Trustee is holding the deposits made by the Debtors in trust pending Bankruptcy Court Approval. In the event the Bankruptcy Court does not approve the proposed sale of the Equipment to the Charondos pursuant to this Agreement, the Trustee shall return the deposits to the Charondos within seven days after approval of the Agreement is denied.

4. The sale of the Equipment shall be "As Is", without any warranties or representations whatsoever as to the estate's title to or ownership of the Equipment, encumbrances against the equipment, or the condition of the Equipment. Without limiting the generality of the foregoing, the Equipment shall be sold subject to any and all security interests,

liens, encumbrances, claims, rights, title disputes, and other interests, including, but not limited to, the following:

    a. Secured property taxes, supplemental taxes, assessments, and the like, and penalties and interest thereon, secured by the Equipment;

    b. Any ownership claims by T.C. Classic Granite and Marble, Inc., and/or any other entities or persons;

    c. Any security interests that may be asserted by Fremont Bank, Bank of Stockton, Bayview Loan Servicing, Cambira Company, Farmers Insurance, Continental Recovery Services and/or any other persons or entities.

Potential buyers are hereby advised that: as the trustee in Case No. 09-24331-D-7, the Trustee has succeeded to the Charondos' interest in the Equipment. Consequently, the Trustee's knowledge of the Equipment is very limited, including, but not limited to, his knowledge of the condition of the Equipment, the maintenance history of the Equipment, whether the Equipment is operational, repairs or maintenance needed to the Equipment, defects in the Equipment, security interests, liens and encumbrances against the Equipment, ownership claims in or to the Equipment, the merits of and defenses to any claims against the Equipment, and other matters that may affect the title to or the value of the Equipment. Under the Agreement, the Charondos have expressly assumed any and all risks of unknown security interests, liens, encumbrances, ownership claims, title disputes, other interests and defects affecting or potentially affecting the Equipment. The Charondos have also agreed to take title to the Equipment subject to any known and unknown security interests, liens, encumbrances, ownership claims, title disputes, other interests and defects affecting the Equipment, **without any adjustment of the Purchase Price**.

    5. The sale of the Equipment shall be subject to overbids on terms to be established by the Bankruptcy Court at the time of the hearing on this motion. In the event of overbids, the Equipment shall be sold to the high bidder subject to any and all security interests,

liens, encumbrances, ownership claims, title disputes, other interests and defects, known and unknown.

6. Conditional upon the later of: Bankruptcy Court Approval of the sale to the Charondos and payment of the Purchase Price, the Trustee shall execute and deliver to the Charondos, or nominee, a Bill of Sale to the Equipment, expressly subject to any and all security interests, liens, encumbrances, ownership claims, title disputes, and other interests, known and unknown, within seven business days after the Trustee's receipt from the Charondos of a Bill of Sale in a form acceptable to the Trustee. It shall be the Charondos' responsibility to provide the Trustee with the form of Bill of Sale, including the description of the Equipment, in a form acceptable to the Trustee, prior to the closing of the case.

7. The Charondos have agreed to waive, release and forego any and all rights to a distribution(s) from their Chapter 7 Estate on account of any exemption claim(s) with respect to the Equipment, whether existing or that could potentially be claimed in a future amendment.

### D. Tax Consequences of Proposed Agreement

The Trustee has not yet determined the Debtor's tax basis in the Equipment. Nevertheless, the Trustee does not expect that the Estate will incur any taxes as a result of the sale of the Equipment. The projected administrative expenses of the Estate and the personal tax exemptions the Estate is entitled to claim exceed the $7,500.00 Purchase Price. In the unlikely event that any taxes are incurred as a result of the sale of the Equipment, such taxes will be paid as an administrative priority claim from the sale proceeds.

### E. Overbid Procedure

The proposed sale of the Equipment is subject to overbids. The Trustee will recommend at the time of the hearing that the Court approve the following overbid procedure:

1. All overbids shall be on substantially the same terms and conditions as the pending sale.

2. The first initial overbid shall be in the minimum amount of $10,000.00 ($2,500.00 over the discounted Puchase Price to be paid by the Charondos).

3. Subsequent overbids shall be in minimum increments of $1,000.00.

4. A cashier's check in the minimum amount of $10,000.00 shall be provided to the Trustee at the time the prospective purchaser makes the first overbid. The cashier's check should be made payable to the bidder and shall be endorsed over to the Trustee at the hearing in the event the prospective purchaser is the high bidder. The successful bidder shall be required to deliver a cashier's check for any remaining balance of the Purchase Price to the Trustee within 24 hours after the hearing at which the sale is approved (the "Additional Deposit").

5. The successful bidder's existing deposit(s) shall become non-refundable at the time of the hearing, upon approval and acceptance of the bid as the high bid. The Additional Deposit shall become non-refundable at the time it is paid to the Trustee.

6. In the event that the successful bidder fails to pay the Additional Deposit (if any) within the time set forth above, or such later date as Trustee may agree; the entire amount of the deposits then held by the Trustee shall be forfeited to the Trustee, and the Trustee shall be free to sell the Equipment to another party, subject to any necessary court approvals.

7. The cashier's checks of all unsuccessful bidders shall be returned immediately following the hearing.

8. A back-up bid may be approved, and the Equipment may be sold to the back-up bidder, at the option of the bidder, if the successful bidder fails to pay the Additional Deposit within the time provided above, without necessity of a further court order.

///

///

///

///

wsd\Farrar\Charondo\WSD-2 Sale.Equipment.Mot

TRUSTEE'S MOTION FOR AUTHORIZATION TO SELL
ESTATE'S INTEREST IN EQUIPMENT                              7

## F. Conclusion

**WHEREFORE**, Gary R. Farrar, Trustee of the Charondo Chapter 7 estate, respectfully asks the Court to approve the proposed Agreement for the sale of any interest of the Estate in the Equipment to the Charondos on the terms and conditions provided therein; and to grant such other and further relief as the Court deems proper.

WENDY DEZZANI, ATTORNEY AT LAW

DATED: July 21, 2010

*/s/ Wendy Dezzani*
**WENDY DEZZANI**
Attorney for Trustee, Gary R. Farrar

wsd\Farrar\Charondo\WSD-2 Sale.Equipment.Mot

## VERIFICATION

I, Gary R. Farrar, am the duly appointed Chapter 7 Trustee in the above-captioned case. I have read the foregoing Trustee's Motion for Authorization to Sell Estate's Interest in Equipment, Subject to Liens, Claims and Interests [DC No. WSD-2], and I know the contents thereof. I certify that the same is true of my own knowledge, except as to those matters which are stated upon my information or belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury the foregoing is true and correct.

Executed this 2⧸__th day of July, 2010, at Modesto, California.

_____
GARY R. FARRAR

wsd\Farrar\Charondo\WSD-2 Sale.Equipment.Mot

TRUSTEE'S MOTION FOR AUTHORIZATION TO SELL
ESTATE'S INTEREST IN EQUIPMENT                        9